# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-1720V**

|  |
|---|
| YVETTE MOYLER,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. |

Chief Special Master Corcoran

Filed: May 4, 2026

*Thomas Joseph O'Connell, Abramson & O'Connell, LLC, Columbus, OH, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

**<u>DECISION ON JOINT STIPULATION</u>**[1]

On August 18, 2021, Yvette Moyler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act), alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on September 9, 2019, caused her to experience brachial neuritis ("BN") – a Table injury.

On March 12, 2025, I issued a Decision dismissing the petition for Petitioner's failure to establish the statutory six-month severity requirement. ECF No. 45. That Decision was affirmed by the Court of Federal Claims on September 3, 2025. ECF No. 51. Petitioner then filed an appeal to the Court of Appeals for the Federal Circuit ("CAFC") on October 30, 2025. No. 2026-1115. While the second appeal was pending, and at the parties' request, the CAFC stayed the appeal and granted the parties' joint motion for a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

limited remand, to allow consideration of the parties' Stipulation of settlement and to enter judgment accordingly. *See,* e.g., ECF No. 61; *see also Moyler v. Sec'y of Health & Hum. Servs.*, No. 26-1115, ECF No. 18 at 2 (Fed. Cir. Apr. 21, 2026).

On April 22, 2026, the parties filed a joint motion for entry of a decision adopting the parties' joint Stipulation and entry of judgment. ECF No. 60. Once judgment is entered, the parties have agreed that neither party will appeal the stipulated judgment, and the parties will dismiss the pending appeal before the CAFC. *Id.* at 3. The Court of Federal Claims thereafter entered an order on April 30, 2026, vacating the original judgment and remanding this matter to me to enter a Decision on the parties' joint motion consistent with the parties' Stipulation. ECF No. 62.

Respondent denies that Petitioner sustained a BN Table injury; denies that the Tdap vaccine caused Petitioner's alleged BN injury, or any other injury; denies that the Tdap vaccine caused Petitioner's current condition or disabilities; and denies that Petitioner suffered the residual effects of any alleged vaccine injury. But the parties have now agreed that the issues between them may be settled (resulting in dismissal of the pending CAFC appeal), and that a decision awarding compensation (consistent with their filed Stipulation (*see* ECF No. 60-1)) should be entered.

I find the Stipulation reasonable and adopt it as my Decision Awarding Damages, on the terms set forth therein. Accordingly, pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $90,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Stipulation ¶ 9. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| YVETTE MOYLER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 21-1720V<br>Chief Special Master Corcoran<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1.  Yvette Moyler ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which is a vaccine that is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received a Tdap vaccine on September 9, 2019.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered brachial neuritis within the time period set forth in the Table. Petitioner further alleges that she suffered the residual effects of the alleged injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of the alleged injury.

1

6. Respondent denies that petitioner sustained a brachial neuritis Table injury; denies that the Tdap vaccine caused petitioner's alleged brachial neuritis or any other injury; denies that the Tdap vaccine caused petitioner's current condition or disabilities; and denies that petitioner suffered the residual effects of any alleged vaccine injury.

7. On March 12, 2025, the Chief Special Master issued a dismissal decision, which was affirmed by the Court of Federal Claims on September 3, 2025. Petitioner's appeal to the Federal Circuit was docketed on October 30, 2025, No. 2026-1115.

8. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation, in exchange therefore, petitioner agrees to dismiss her Federal Circuit appeal, No. 2026-1115.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

A lump sum of **$90,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

11. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

12. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

3

from, or alleged to have resulted from, the Tdap vaccination administered on September 9, 2019, as alleged in a petition for vaccine compensation filed on or about August 18, 2021, in the United States Court of Federal Claims as petition No. 21-1720V.

15. Upon entry of judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, petitioner agrees to immediately dismiss her appeal docketed at the Federal Circuit on October 30, 2025, No. 2026-1115, pursuant to FRAP 42.

16. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged

4

brachial neuritis or any other injuries or her current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

20. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

YVETTE MOYLER

**ATTORNEY OF RECORD
FOR PETITIONER:**

THOMAS J. O'CONNELL, ESQ.
Abramson & O'Connell, LLC
695 Bryden Road
Columbus, Ohio 43205
Phone: 614-461-6066
tom@aolawfirm.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.
Beach -S

Digitally signed by
Jeffrey S. Beach -S
Date: 2026.01.29
14:48:50 -05'00'        for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

TYLER C. KING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0730
Tyler.King@usdoj.gov

Dated: March 10, 2026

5