# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-1720V**
**CORRECTED**

YVETTE MOYLER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 31, 2026

*Thomas Joseph O'Connell, Abramson & O'Connell, LLC, Columbus, OH, for Petitioner.*

*Gabrielle Manganiello Fielding, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 18, 2021, Yvette Moyler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered brachial neuritis following a tetanus-diphtheria-acellular pertussis vaccine she received on September 9, 2019. Petition, ECF No. 1.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 12, 2025, I issued a Decision dismissing the Petition due to the failure to establish the statutory six-month severity requirement. ECF No. 45. That Decision was affirmed by the Court of Federal Claims on September 3, 2025. ECF No. 51. Petitioner then filed an appeal to the Court of Appeals for the Federal Circuit ("CAFC") on October 30, 2025. No. 2026-1115. While the second appeal was pending, and at the parties' request, the CAFC stayed the appeal and granted the parties' joint motion for a limited remand, to allow consideration of the parties' Stipulation of Settlement and to enter judgment accordingly. *See*, e.g., ECF No. 61; see also *Moyler v. Sec'y of Health & Hum.* Servs., No. 26-1115, ECF No. 18 at 2 (Fed. Cir. Apr. 21, 2026). On April 22, 2026, the parties filed a joint motion for entry of a decision adopting the parties' joint Stipulation and entry of judgment. ECF No. 60. On May 4, 2026, I awarded damages to Petitioner based on the parties' joint stipulation. ECF No. 63

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $126,046.39 (representing $107,538.75 in fees plus $18,507.64 in costs). Motion for Attorney's Fees and Costs ("Motion") filed June 1, 2026, ECF No. 69. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 73.

Respondent reacted to the Motion on June 11, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent objected to Petitioner's request for expert fees, contending that the hourly rates at issue exceeded what the same experts had previously received in the Program, and that Petitioner should be required to submit reliable, objective evidence to justify the rates requested. Response to Motion at ECF No. 71. Petitioner filed no reply thereafter.

## ANALYSIS

Petitioner requests the following rates for attorney work performed by Thomas Joseph O'Connell: $445.00 for 2020; $460.00 for 2021; $480.00 for 2022; $500.00 for 2023; $535.00 for 2024; $575.00 for 2025; and $620.00 for 2026. Petitioner represents that Mr. O'Connell has been a licensed attorney since 1985, and was admitted to the Court in 2015, and has approximately 41 years of legal experience, which includes public service in addition to private representation. I find the requested rates to be reasonable, and they shall be awarded herein. And all time billed to the matter was reasonably incurred.

Petitioner further requests a total of $18.507.64 in litigation costs, including expenses such as filing fees, obtaining medical records, mailing services, and expert fees. The requested expert fees total $15,900.00, and include $11,400.00 for medical records review by Neurology Consults, S.C., billed at $600.00/hour, and $4,500.00 for medical records review and preparation of an expert report by Joseph Feinberg, M.D., billed at $1,000.00/hour. ECF No. 69-4. These expert costs require further analysis.

Respondent has no specific objection to the qualifications of the experts used in this case. Rather, Respondent contends that "petitioner should be required to submit reliable, objective evidence to justify the rate requested." Response at 4. In addition, Respondent argues that I should consider the hourly rates that Respondent pays to his experts ($375.00/hour) when determining an appropriate hourly rate.

In the Vaccine Program, expert work is reimbursed in the same manner as attorney's fees, using the lodestar method. *See Chevalier v. Sec'y of Health & Hum. Servs.*, No. 15-01V, 2017 WL 490426 (Fed. Cl. Spec. Mstr. Jan. 11, 2017 (applying the lodestar calculation to both attorneys' fees and expert costs)). There are numerous factors to be considered when determining an appropriate expert hourly rate: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the information provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by the [Vaccine Act]." *Aycock v. Secretary of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

In reviewing Petitioner's experts billing records, it is clear that the experts reviewed hundreds of pages of medical records, prepared a number of expert reports, and addressed the progression of Petitioner's brachial neuritis injury. Preparation of these expert reports were likely a large part of why the case was ultimately resolved via stipulation. I agree that overall, a rate of $1,000 per hour is excessive, and exceeds greatly what the majority of Program experts are awarded.

However, the total amount incurred for expert assistance herein was not huge in magnitude, and therefore in the interest of justice I shall award the total sum requested (but without addressing the reasonableness of the rate proposed by Dr. Feinberg at this time). Thus, I will award the full amount requested. And all other costs associated with this matter shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $126,046.39 (representing $107,538.75 in fees, plus $18,507.64 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.